# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2025

Lyle W. Cayce
Clerk

No. 24-60321
Summary Calendar

────────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LINDA HUNT,

*Defendant—Appellant*.

────────────────────────────────

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:21-CR-79-4

────────────────────────────────

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Linda Hunt appeals her 276-month sentence for aiding and abetting the distribution of more than five grams of methamphetamine (actual). She challenges the district court's calculation of her advisory guidelines range. Specifically, Hunt contends that the district court erred in (1) applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises

────────────────────────

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

for the purpose of manufacturing or distributing a controlled substance; (2) applying a two-level enhancement under § 2D1.1(b)(16) for using fear, friendship, or affection to involve an unusually vulnerable person in the conspiracy; (3) applying a four-level enhancement under U.S.S.G. § 3B1.1(a) for acting as an organizer or leader in the conspiracy; (4) applying a two-level enhancement under U.S.S.G. § 3C1.1 for obstructing justice; and (5) calculating the total drug quantity attributable to her as relevant conduct.

We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). There is no clear error if a factual finding is plausible in light of the record as a whole. *Id.* A factual finding will be deemed clearly erroneous "only if, based on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

We are not persuaded that the district court clearly erred in applying the challenged enhancements. The district court's determinations that one of the primary purposes of the Fourth Street residence was for Hunt to distribute drugs, that Hunt used her unusually vulnerable sister to distribute drugs on her behalf, that Hunt was an organizer or leader who directed codefendant Genise Cox's involvement in the conspiracy, and that Hunt attempted to obstruct justice by directing Cox's testimony are plausible in light of the record as a whole. *See Trujillo*, 502 F.3d at 356.

Finally, Hunt's contention that the district court incorrectly calculated the total drug quantity attributable to her as relevant conduct lacks merit. The Presentence Report (PSR) explained that challenged drug transactions involved the use of video and/or audio surveillance equipment and were monitored by law enforcement. The district court did not err in relying on the PSR's unrebutted description of these transactions. *See*

No. 24-60321

*Trujillo*, 502 F.3d at 357; *United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019).

AFFIRMED.